William S. WORTHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 14–99–00952–CR, 14–99–00953–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 2001.

Shawna L. Reagin, Houston, for appellants.

Dan McCrory, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and MAURICE AMIDEI.[1]

## OPINION

MURPHY, Chief Justice.

On July 15, 1999, in cause number 799,-685, a jury found appellant guilty of murder, and on July 16, 1999, assessed punishment at forty years' confinement. Prior to appellant's conviction for murder, on April 25, 1997, appellant pled guilty to burglary of a habitation, and the court placed appellant on ten years' probation. On December 23, 1998, the State filed a motion to revoke appellant's probation, alleging that appellant violated the terms of his probation by committing the offense of murder. On July 16, 1999, the trial court conducted a hearing on the State's motion to revoke appellant's probation. The trial court found that appellant had violated the conditions of his probation and assessed punishment at ten years' confinement. Additionally, the trial court announced that appellant's ten year sentence (748,-065) was stacked on his forty year sentence (799,685). Appellant appeals from both judgments.

Under the murder conviction, cause number 799,685, appellant raises three points of error for our review. In appellant's first point of error, appellant contends that the trial court erred in refusing to submit an instruction pursuant to Article 38.23 of the Texas Code of Criminal Procedure. Appellant's second point of error asserts that his motion to suppress his confession should have been granted as the confession was a product of an illegal warrant less arrest. In his third point of error, appellant contends that a statement made by the State in its closing argument constituted reversible error. We affirm.

1. Former Justice Maurice Amidei sitting by assignment.

With regard to cause number 748,065, appellant raises three points of error. All three of appellant's points of error concern the propriety of the trial court's cumulation order. As reformed, the trial court's judgment is affirmed.

### Background

On November 28, 1998, the complainant, Michael Weatherly, was found dead on the sofa in his family's living room, and his 1991 Firebird was missing. On November 24, 1998, the appellant, complainant, and two other individuals were at complainant's house drinking beer and watching a movie. One of the individuals at complainant's house, Robert Haydon, testified at trial that when he went home at 4:00 a.m. on November 25, appellant and complainant were alone. Moreover, the complainant's boss testified that the complainant and another man dropped by her house on Thanksgiving to pick up some money he was owed.

On December 3, 1998, Deputy Lance Howard, of the Aransas County Sheriff's Department in Rockport, responded to a dispatch concerning a stolen car from Harris County. Upon arriving at the scene, Deputy Howard discovered a white male, later identified as appellant, asleep in a Firebird. Deputy Howard arrested appellant for unauthorized use of a motor vehicle, and read appellant his *Miranda* warnings. When Deputy Howard asked for appellant's name, he identified himself as Dustin Pond. Appellant later made bond and was released from custody.

On December 4, 1998, Detective David Bickford, of the Aransas County Sheriff's Department, spoke with officers from Harris County, and learned that appellant was actually William Worthington, a suspect in the murder of complainant. Detective Bickford then spoke with appellant's bondsman, who informed him that he was surrendering appellant's bond. At about 4:30 p.m., appellant was arrested for giving a false name when he was booked into jail.

On December 5, Detectives Tracy Shipley and William Valerio of the Harris County Sheriff's Department interviewed appellant in the Rockport Police Department. After the officers read appellant his legal rights, he agreed to provide a statement. Appellant ultimately admitted that he placed a belt around complainant's neck in an attempt to "knock him out."

### Article 38.23

In his first point of error, appellant complains the trial court erred in failing to charge the jury in accordance with article 38.23 of the code of criminal procedure. We disagree.

■ Article 38.23 provides:

No evidence obtained by an officer in violation of any provisions of the Constitution or laws of the State of Texas or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of the article, then ... the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Pamp.2000). An Article 38.23 instruction is only required when the evidence at trial raises a factual issue concerning whether the evidence was obtained in violation of the federal or state constitutions. *Bell v. State*, 938 S.W.2d 35, 48 (Tex.Crim.App.1996); *Moreno v. State*, 987 S.W.2d 195, 202 (Tex.App.—Corpus Christi 1999, pet. ref'd); *Angelo v. State*, 977 S.W.2d 169, 177 (Tex.App.—Austin 1998, pet. ref'd).

Appellant claims there are factual issues as to whether appellant was lawfully arrested without a warrant, as authorized by Chapter 14 of the Texas Code of Criminal Procedure. Whether appellant was lawfully arrested is not a factual question, but rather a legal question. Neither appellant,

nor the record, reveals any factual dispute as to why and how appellant was arrested without a warrant. "Only when there is a fact issue regarding the manner in which the evidence was obtained does Article 38.23 require the court to submit an instruction to the jury." *Angelo,* 977 S.W.2d at 178.

The record reveals that Detective Bickford had appellant arrested the second time based on his failure to identify himself and on the bondsman's surrender. Neither Detective Bickford, nor any other witness, indicated that appellant's second arrest was based on anything else. There is no conflict in the record on the basis for appellant's second arrest. Moreover, whether Detective Bickford's basis for arresting appellant was lawful constitutes a legal issue, not a factual dispute. Accordingly, we overrule appellant's first point of error.

### Warrantless Arrest

■ In point of error two, appellant contends that the trial court erred in denying his motion to suppress his confession as a product of an illegal warrantless arrest. Specifically, appellant contends that the State failed to prove any exception to the warrant requirement, thus making the arrest illegal and the confession obtained as a product of that arrest, inadmissible. We disagree.

Article 14.01 of the Texas Code of Criminal Procedure authorizes a police officer to arrest an offender without a warrant for any offense committed in his presence or within his view. TEX.CODE CRIM. PROC.ANN. art. 14.01 (Vernon 1977). The testimony at trial from Detective Bickford indicates that he arrested appellant the second time for providing a false name when appellant was initially arrested for the unauthorized use of complainant's vehicle. Section 38.02, regarding failing to identify, provides as follows in pertinent part:

(b) A person commits an offense if he reports or gives a false or fictitious name, residence address, or date of birth to a peace officer who has:

(1) lawfully arrested the person;

(2) lawfully detained the person; or

(3) requested the information from a person that the peace officer has good cause to believe is a witness to a criminal offense.

TEX.PEN.CODE ANN. § 38.02 (Vernon 1994). Appellant was lawfully arrested for unauthorized use of complainant's vehicle. Moreover, appellant knowingly provided a fictitious name, "Dustin Pond," in response to Deputy Howard's request for appellant's name. Therefore, when appellant provided a false name while under arrest, appellant violated section 38.02(b) of the Texas Penal Code, and Detective Bickford had probable cause to arrest appellant. Accordingly, we find that the trial court did not abuse its discretion in denying appellant's motion to suppress. We overrule appellant's second point of error.

### Improper Jury Argument

In appellant's fourth point of error, he contends that the trial court erred in overruling his objections to the prosecutor's closing argument at the guilt-innocence stage of the trial. We disagree. Specifically, appellant complains that the prosecutor argued that appellant would have presented Keith Crion's testimony, an alleged witness to the altercation between appellant and complainant, if the testimony would have benefitted him.

■ It is well settled that permissible jury argument falls into four categories: 1) summation of the evidence; 2) reasonable deduction from the evidence; 3) answer to the argument of opposing counsel; and 4) a plea for law enforcement. *Moody v. State,* 827 S.W.2d 875, 894 (Tex.Crim.App. 1992); *Whiting v. State,* 797 S.W.2d 45, 48 (Tex.Crim.App.1990). Any argument outside of these areas will not constitute reversal unless the argument is manifestly improper, violates a mandatory statute, or injects new and harmful facts into the

proceeding. *See Harris v. State,* 905 S.W.2d 708, 710 (Tex.App.—Houston [14th Dist.] 1995, pet. ref'd); *Moore v. State,* 804 S.W.2d 165, 167 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Moreover, the State may comment on the failure of a defendant to call competent and material witnesses, and may argue that the reason for such a failure by the defendant is that any such testimony would be unfavorable to his defense. *Carrillo v. State,* 566 S.W.2d 902, 912 (Tex.Crim.App. [Panel Op.] 1978); *McQueen v. State,* 984 S.W.2d 712, 717 (Tex.App.—Texarkana 1998, no pet.). "Such a comment is not proper, however, when it is shown that this witness was unavailable to testify on behalf of the defendant." *McQueen,* 984 S.W.2d at 717.

■ Appellant argues that Crion was unavailable to testify on behalf of the defendant. In support of this argument, appellant relies on the language in his pretrial motion for continuance in which he requested, and received, a thirty day continuance so that his investigator could locate Crion. Appellant did not request any further continuances. The mere existence of a pretrial motion to continue in order to locate a witness is insufficient to establish that a witness is unavailable to testify at the time of trial. Accordingly, the trial court did not err in overruling appellant's objections to the prosecutor's argument. We overrule appellant's fourth point of error.

The judgment in cause number 799,685 is affirmed.

### Cumulation Order

■ Appellant first complains that the cumulation order is void as a result of an ambiguity on the face of the judgment. Specifically, appellant argues that the cumulation order is void because one section of the judgment reflects that the sentence is to commence on July 16, 1999, and elsewhere, the judgment reads that, "[t]his case is stacked onto 799685." We disagree.

The Court of Criminal Appeals in *Stokes v. State,* 688 S.W.2d 539 (Tex.Crim.App. 1985), considered language in a cumulation order similar to our present case. In *Stokes,* the cumulation order read as follows, "It is further ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date. Said Sentence to be served after serving the sentence in Cause No. 11,720–A.... ." *Id.* at 540. The court reasoned that the cumulation order did not set two different dates, but rather indicated when the sentence came into existence, and then qualified when the sentence was to be served. *Id.* at 541. The same is true for our case. Accordingly, the cumulation order is not contradictory and ambiguous. *See id.* at 542. We overrule appellant's first point of error regarding the cumulation order.

■ Next, appellant argues that the trial court erred in cumulating his burglary sentence, because he had already served time on his sentence. We disagree.

When a defendant is placed on probation, no sentence has been imposed. *Amado v. State,* 983 S.W.2d 330, 331 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *Burns v. State,* 835 S.W.2d 733, 737 (Tex. App.—Corpus Christi 1992, pet. ref'd). The sentence is imposed for the first time when probation is revoked. *Amado,* 983 S.W.2d at 331; *Burns,* 835 S.W.2d at 737. Thus, appellant's sentence for his burglary offense was not imposed until his probation was revoked. *See Burns,* 835 S.W.2d at 737 (holding that spending 181 days in jail waiting for the State's motion to revoke to be heard did not constitute time spent serving a portion of her sentence). Accordingly, we overrule appellant's second point of error regarding the cumulation order.

■ Lastly, appellant complains on appeal that the trial court abused its discretion in cumulating his sentences. Appellee asserts that appellant waived this argument by failing to object at trial to the cumulation order. We find this argument

without merit. "An improper cumulation order is, in essence, a void sentence, and such error cannot be waived." *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Crim.App. 1992). In *Ex Parte McJunkins,* the court did find waiver of a right to concurrent sentences when the defendant accepted a plea bargaining agreement that imposed consecutive sentences in a single criminal action. 954 S.W.2d 39, 41 (Tex.Crim.App. 1997). The court, however, stated: "We should not be understood as holding that *LaPorte* ... was wrongly decided." *Id. Ex Parte McJunkins,* is limited to instances when defendant makes a counseled, intelligent, and voluntary waiver of his right to consecutive sentences. *See id.*

A complaint about consecutive sentences is reviewed under an abuse of discretion standard. *See Macri v. State,* 12 S.W.3d 505, 511 (Tex.App.—San Antonio 1999, pet. ref'd); *Harvey v. State,* 821 S.W.2d 389, 392 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). "The legislature has by statute given the trial judge the discretion to cumulate the sentences for two or more convictions." *Harvey,* 821 S.W.2d at 392. Article 42.08 provides:

> Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly; ....

TEX.CODE CRIM.PROC.ANN. art. 42.08(a) (Vernon Supp.2000).

The language of article 42.08(a) focuses on subsequent convictions, not subsequent sentences. *See id.* Appellee argues that interpreting article 42.08(a) as only applying to subsequent convictions would lead to absurd consequences. We disagree. The language of article 42.08(a) does not require that a sentence be announced before the subsequent conviction. *See id.* Article 42.08 provides instruction for the trial judge on how to cumulate. *See id.*

In the present case, a jury returned a verdict of guilty for murder in cause number 799,685. The court then found that appellant violated the terms of his probation in cause number 748,065. As mentioned previously, when a trial court suspends a sentence and places the defendant on community supervision, no sentence has been imposed. *Burns v. State,* 835 S.W.2d 733, 737 (Tex.App.—Corpus Christi 1992, pet. ref'd). However, unless the defendant is placed on deferred adjudication, community supervision merely works to suspend the imposition of the sentence, not the conviction. TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3 (Vernon Supp.2000). Thus, appellant's conviction under cause number 748,065 is prior to his conviction under cause number 799,685. Accordingly, appellant's conviction under 799,685 constitutes a subsequent conviction for cumulation purposes. The trial court erred, however, in ordering that appellant's conviction under cause number 748,065 would begin following his sentence in cause number 799,685.

The language in article 42.08(a) is clear. The court has discretion to do two things with a subsequent conviction under article 42.08(a). The court can either, order the sentence on the subsequent conviction to begin after the sentence on the preceding conviction has ceased to operate, or, the court can run the sentences concurrently. TEX.CODE CRIM.PROC.ANN. art. 42.08(a). The court has no other options under article 42.08(a). *Id.* The trial court, however, ordered the sentence on the preceding conviction to begin after the subsequent conviction had ceased to operate. The trial court had the discretion to cumulate the sentences under cause numbers 748,065 and 799,685, but failed to do so correctly. Accordingly, the trial court's cumulation order is modified to allow appellant's sentence under cause number 799,685 to begin after appellant's sentence under cause

number 748,065 has ceased to operate. We overrule appellant's third point of error.

As reformed, the trial court's judgment under cause number 748,065 is affirmed.