# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00417-CR

**Christy Jo Franks, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 2C05-03778, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Christy Jo Franks appeals her Class B misdemeanor conviction for operating a motor vehicle in a public place while intoxicated. *See* Tex. Penal Code Ann. § 49.04 (West 2003). After the jury found appellant guilty, the trial court assessed punishment at thirty days in the county jail and a six hundred dollar fine. The imposition of the sentence was suspended, and appellant was placed on community supervision for twelve months, subject to certain conditions. Notice of appeal was given, and the trial court certified appellant's right of appeal.

## POINTS OF ERROR

Appellant advances three points of error. First, appellant complains that the prosecutor at the guilt/innocence phase of the trial improperly commented in jury argument on appellant's failure to testify. Second, appellant asserts that the trial court erred in failing to sustain her objection to evidence resulting from the illegal traffic stop of appellant. Third, appellant urges

that the trial court erred, over timely objections, in excluding from the jury charge the provisions of section 545.104 of the Texas Transportation Code[1] in connection with the jury instruction on article 38.23 of the Texas Code of Criminal Procedure.[2]

## BACKGROUND

About 3:00 a.m. on the morning of April 26, 2005, Temple Police Officer Glenn Elliott was on patrol in uniform and in a marked police vehicle. From his parked position, Officer Elliott saw a black Hyundai SUV motor vehicle about a block away make a left turn west bound on Adams Avenue. When the SUV made its left turn, Officer Elliott observed that the turn signal on the SUV was not blinking or flashing to indicate a turn. The officer stated: "Out here, I saw the vehicle come into the intersection and make the turn. As it started making the turn, at that time, the left rear corner of the car, I did not see the turn signal as it turned onto Adams." Elliott explained that when the SUV was in the turning lane and stopped at the intersection of North Second and Adams prior to the turn, he saw that the turn signal was not on. Officer Elliott stated that this was the only reason he stopped appellant. When asked where she had been and was going, appellant, who was alone, told the officer that she had been at a friend's house on Highway 36 and was on her way to her home in Moody. When appellant exited her vehicle, she stumbled slightly, her speech was slow, her eyes were glassy and bloodshot and there was an odor of alcoholic beverages coming from her person.

---

[1] Tex. Transp. Code Ann. § 545.104 (West 1999).

[2] Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005).

2

After administering several field sobriety tests, Officer Elliott concluded that appellant was intoxicated and took her to the police station. In the intoxilyzer room, Officer Christopher Stickles observed that appellant had a strong odor of alcohol about her person, that her eyes were bloodshot, and her speech was slurred, slow, and deliberate. Officer Stickles also administered several field sobriety tests. Based on his experience, Officer Stickles concluded that appellant was intoxicated. Appellant was given the customary warnings, but she refused to take a breath test. Appellant told Officer Stickles that she left her friend's house at 10:30 p.m. and that was when she started drinking. She could not remember when she stopped drinking. No alcoholic beverages were found in her vehicle.

An in-car video and the intoxilyzer room video were combined, admitted into evidence, and played for the jury. On the videotape, appellant asked Officer Elliott if it was busy for "a Sunday morning." The officer informed the appellant that it was Tuesday morning.

The defense rested along with the State. Appellant did not testify or call any witnesses. Both sides closed.

**COMMENT ON FAILURE TO TESTIFY**

In her first point of error, appellant complains that the trial court erred in overruling her objection to the prosecutor's comment on appellant's failure to testify. Prior to the reading of the court's charge at the guilt/innocence stage of the trial, the trial court informed the jurors of the order of jury argument and admonished them that argument of counsel was not evidence. The court's charge was then read to the jury. It included an instruction on the law that a defendant's

3

failure to testify could not be taken as a circumstance against her, and that jurors could not comment on, allude to, or refer in any manner to the defendant's failure to testify.

The State's opening argument was brief. Appellant's counsel, *inter alia*, sought to discredit the field sobriety tests and asked the jury to view the videotape. In closing argument, the prosecutor responded to defense counsel's argument and discussed standardized field sobriety tests. The record then reflects further prosecutorial argument:

> When you go back into the jury room, and if you relook at the tape, which I urge you to do; look at the Defendant's answers and comments. Did you have too much to drink and drive? No answer. Is it busy for a Sunday morning? It's Tuesday morning. This is important for you to know to make your decision. Will you provide a breath specimen? No. That's important for you to know. Left her friend's house at 10:30; didn't have her first drink until 10:30. Officer Elliott didn't stop her until 3:00 or 3:30. What was going on during that time?
>
> MR. KREIMEYER:  I object, Judge. That is a comment on the Defendant's failure to testify.
>
> THE COURT:  Overruled.
>
> MS. HOWARD:  Now, again, I urge you to watch the video tape. I don't have to say another word, just watch the video tape. Again, you've all seen intoxicated people.

No further mention was made of the matter of which complaint was made.

A comment on an accused's failure to testify has been held violative of the Fifth Amendment to the United States Constitution, which is made applicable to the State by virtue of the Fourteenth Amendment. *See Chapman v. California*, 386 U.S. 18, 19-21 (1967); *Griffin v. California*, 380 U.S. 609, 615 (1965); *Bird v. State*, 527 S.W.2d 891, 893-94 (Tex. Crim. App. 1975). It is basic and fundamental law in this State that the failure of an accused to testify may not

be a subject of comment by the prosecution.  Such comment is in violation of the privilege against self-incrimination contained in article I, section 10 of the Texas Constitution and in express violation of article 38.08.  *See* Tex. Code Crim. Proc. Ann. art. 38.08 (West 2005); *Bird*, 527 S.W.2d at 893.

To violate the constitutional and statutory right, the comment must clearly refer to the accused's failure to testify, and it is not sufficient if it might be construed as an indirect or implied allusion.  *Canales v. State*, 98 S.W.3d 690, 695 (Tex. Crim. App. 2003).  The test is whether the language used by the prosecutor, viewed from the jury's perspective, was manifestly intended or was of such character that the jury would naturally and necessarily take it as a comment on the defendant's failure to testify.  *Id.*; *Bustamante v. State*, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001); *Patrick v. State*, 906 S.W.2d 481, 490-91 (Tex. Crim. App. 1995).

We view the comment in the context in which it was made and in light of the entire record.  The approved general areas of argument are:  (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) plea for law enforcement.  *Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000); *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); *Todd v. State*, 598 S.W.2d 286, 296-97 (Tex. Crim. App. 1980).

In the instant case, the prosecutor was summarizing the evidence and making reasonable deductions from it when she stated: "What was going on during that time?"  After the objection was overruled, the prosecutor did not pursue the matter.  In the context in which the question was asked, we cannot conclude that the prosecutor manifestly intended for the argument to be a comment on appellant's failure to testify or that the language was of such a character

5

that the jury would naturally and necessarily have taken it to be a comment upon appellant's failure to testify. *See Bustamante*, 48 S.W.3d at 765. Even if construed as an implied allusion, that would not be sufficient. *Canales*, 98 S.W.3d at 695. In light of the record before us, we overrule the first point of error.

## TRIAL OBJECTION

In her second point of error, appellant claims that the trial court erred in failing to grant appellant's objection to the evidence before the jury that was obtained as a result of an illegal stop of appellant's vehicle. Appellant expressly presents this issue as a trial objection, not as a pretrial motion to suppress.

Appellant asserts that Officer Elliott correctly testified that the law requires a motorist to activate the turn signal on her or his motor vehicle to indicate an intention to turn and the signal shall continuously flash or blink "for not less than the last 100 feet of movement of the vehicle before the turn." *See* Tex. Transp. Code Ann. § 545.104(b) (West 1999). Appellant notes that Officer Elliott was not in a position, which he candidly admitted, to observe whether appellant's vehicle's turn signal was on and flashing during the last 100 feet prior to the turn. Officer Elliott did testify that he saw appellant's SUV in the turning lane and in the midst of the left turn when no turn signal was being given at all. Appellant argues that Officer Elliott assumed that when a vehicle's turn signal is on, the light is flashing, and does not turn off automatically until the turn is completed and the steering wheel is straightened out; and assumed further from what he observed that appellant gave no turn signal at all. Appellant contends that there is no evidence that the officer checked her vehicle to determine if her vehicle's turn signal was not working or would malfunction and turn off

6

before a turn was completed. This would appear to be a defensive obligation. Nevertheless, appellant contends that Officer Elliott could not eliminate the possibility that the turn signal of appellant's vehicle was on during the 100 feet prior to the turn. Thus, she argues that the traffic stop was illegal and all the resulting evidence should have been excluded.

Appellant candidly admits that she has found no Texas cases addressing this rather novel contention and cites no authorities. A trial court's evidentiary rulings are reviewed under an abuse of discretion standard. *See Shpikula v. State*, 68 S.W.3d 212, 222 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). If the trial court's evidentiary ruling is within the zone of reasonable disagreement, we may not disturb the ruling. *Id.*; *see also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990). We find no merit to appellant's contention and no abuse of discretion on the part of the trial court in overruling the trial objection. The second point of error is overruled.

## ERROR IN JURY CHARGE

In her third and last point of error, appellant complains that, despite her objection, the trial court failed to properly charge the jury under article 38.23 of the Texas Code of Criminal Procedure because the charge as to the legality of the traffic stop did not include the provisions of section 545.104 of the Texas Transportation Code.[3] Appellant does not complain that the trial court

---

[3] Article 38.23(a) provides:

(a)    No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt,

7

gave a jury instruction under article 38.23(a), but that the charge or instruction was not complete

because it did include the provisions of section 545.104 of the transportation code, particularly with

regard to the requirement that the turn signal must commence at least 100 feet before the turn. The

oral objection made to the trial court and recorded by the court reporter[4] was overruled.

Appellant is in no position to complain. Appellant cannot claim error in the fullness

of a jury charge under article 38.23 when she was not entitled to a charge under that statute at all.

The legality of an arrest or traffic stop based on uncontested facts is a question of law, and in such

a situation, a defendant is not entitled to a submission under article 38.23(a). *See Villareal v. State*,

116 S.W.3d 74, 83-84 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Texas's exclusionary rule is set out in the first sentence of article 38.23(a). Once a

trial court has admitted evidence, a defendant may contest the validity of the facts surrounding the

---

that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005).

Section 545.104(a) and (b) provide:

(a)     An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes, or start from a parked position.

(b)     An operator intending to turn a vehicle right or left shall signal continuously for not less than the last 100 feet of movement of the vehicle before the turn.

Tex. Transp. Code Ann. § 545.104(a), (b) (West 1999).

[4] Such an oral objection is proper under the provisions of article 36.14. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2007).

8

obtaining of evidence. *Pierce v. State*, 32 S.W.3d 247, 251 (Tex. Crim. App. 2000). If an issue is raised in this manner, the second sentence of article 38.23(a) requires the trial court to submit the issue to the jury. *Id.*; *see Berger v. State*, 104 S.W.3d 199, 203-04 (Tex. App.—Austin 2003, no pet.). This second sentence can operate only if under the admitted evidence, there is a contested issue of fact about the obtaining of the evidence. There is no issue when the question is one of law only. *Pierce*, 32 S.W.3d at 251.

In the instant case, appellant did not testify or offer any evidence. The state proffered the testimony of two officers and a videotape. Only Officer Elliott testified as to the circumstances surrounding the traffic stop based solely on the failure to give a turn signal. He was not impeached. He was candid in admitting that he was not in a position to see whether appellant had activated her left turn signal 100 feet prior to the turn. He stated that when he observed appellant's vehicle in the turning lane and in the left turn, the vehicle's turn signal was not flashing or blinking. Officer Elliot's testimony about what he did observe concerning the traffic stop was uncontested; where there is no dispute as to the facts surrounding the acquisition of evidence at issue, the only determination to be made is of a legal nature. *See Bilyeu v. State*, 136 S.W.2d 691, 698 (Tex. App.—Texarkana 2004, no pet.) (where the only contested issue was whether uncontested facts gave rise to reasonable suspicion, defendant was not entitled to an article 38.23 jury instruction); *Morris v. State*, 89 S.W.3d 146, 152 (Tex. App—Corpus Christi 2002, no pet.); *Worthington v. State*, 38 S.W.3d 815, 817 (Tex. App.—Houston [14th Dist.] 2001) ("Whether appellant was lawfully arrested is not a factual question, but rather a legal question."), *vacated on other grounds*, 67 S.W.3d 191 (Tex. Crim. App. 2001).

The instant court charge submitted to the jury a legal question of whether the traffic stop was lawfully based on reasonable suspicion. There was no factual dispute to be resolved. The charge was not in error. Appellant was not entitled to an article 38.23 charge, much less to an additional instruction on section 545.104. Appellant's contention is without merit. *See Pickens v. State*, 165 S.W.3d 675, 680 (Tex. Crim. App. 2005); *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004); *Balentine v. State*, 71 S.W.3d 763, 773-74 (Tex. Crim. App. 2002). The third point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Chief Justice Law, Justices Waldrop and Onion*

Affirmed

Filed:   January 9, 2008

Do Not Publish

* Before John F. Onion, Jr., Presiding Judge (retired), Texas Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).