COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| KYLE LESLIE LACKEY, | § | |
| | | No. 08-08-00012-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 366th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Collin County, Texas |
| Appellee. | § | |
| | | (TC# 366-83112-06) |
| | § | |

**O P I N I O N**

Kyle Lackey, Appellant, appeals the trial court's revocation of his community supervision. We affirm.

**BACKGROUND**

After pleading guilty to twelve counts of possession of child pornography, Appellant was sentenced to ten years of community supervision and ordered to pay a $1,500 fine on each count. The State later filed a motion to revoke his supervisions. Appellant pled true to six out of the State's eleven allegations, and the trial court, finding all eleven allegations true, revoked his supervisions and sentenced him to ten years in prison on each count, with Counts I and II to run consecutively and all other counts to run concurrently.

Appellant's original appellate counsel filed a brief with this Court contending that the trial court abused its discretion by: (1) sentencing Appellant to multiple punishments for the same offense in violation of the double-jeopardy clause when many of the counts alleged the same elements and descriptive language; (2) ordering, on revocation, Appellant's sentences to run consecutively when he ordered the sentences to run concurrently at Appellant's original plea hearing;

and (3) failing to consider the entire range of punishment. Appellant's counsel later filed a motion to withdraw, and we granted it. We further ordered Appellant's new counsel to file a supplemental brief, raising any additional issues. Appellant's supplemental brief repeated that the trial court abused its discretion by ordering his sentences to run consecutively when the court previously ordered them to run concurrently, but counsel also raised three additional issues, namely, that the trial court's stacking order was void because he already began serving his sentence, that Appellant did not receive a fair and impartial hearing, and that the evidence did not support the trial court's findings on revocation.[1]

## SUFFICIENCY OF THE EVIDENCE

We begin first with a discussion of Appellant's final issue in his supplemental brief, which contends that the evidence was insufficient to support a finding of true on allegations 1, 2, 3, 9, and 10 in the State's motion to revoke. Because Appellant asks that we reverse the judgment revoking supervision upon determining that the evidence was insufficient to support a finding of true on the complained-of allegations, we interpret Appellant's complaint as one of sufficiency to support revocation.

In reviewing a probation revocation, we examine the evidence in the light most favorable to the trial court's findings to determine whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). If there was proof of at least one violation of the

---

[1] Although the State filed a brief responding to the issues raised in Appellant's supplemental brief, the State did not address the issues raised in Appellant's original brief. Nevertheless, we have conducted an independent analysis of the merits of all the issues raised by Appellant. *See Little v. State*, 246 S.W.3d 391, 398 (Tex. App.–Amarillo 2008, no pet.); *Siverand v. State*, 89 S.W.3d 216, 220 (Tex. App.–Corpus Christi 2002, no pet.); *In re K.M.*, No. 2-07-389-CV, 2008 WL 4445544, at *1 (Tex. App.–Fort Worth Oct. 2, 2008, no pet.) (mem. op., not designated for publication); *In re A.D. Bowman*, No. 03-07-00418-CR, 2007 WL 4269842, at *2 (Tex. App.–Austin Dec. 5, 2007, no pet.) (mem. op., not designated for publication).

terms of community supervision, the evidence is sufficient to support revocation. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981). Moreover, a plea of true, standing alone, is sufficient to support revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Brooks v. State*, 995 S.W.2d 762, 763 (Tex. App.–San Antonio 1999, no pet.).

Here, the State's amended motion to revoke alleged eleven violations: (1) Appellant reported to the sex-offender therapist on September 5, 2007, smelling of alcohol; (2) Appellant attended sex-offender counseling on September 11, 2007, with alcohol on his breath; (3) Appellant attended sex-offender counseling on September 18, 2007, with alcohol on his breath; (4) Appellant's blood-alcohol level was .283 on September 25, 2007; (5) Appellant's blood-alcohol level was .108 on September 27, 2007; (6) Appellant consumed alcohol on August 1, 2007; (7) Appellant's SCRAM registered a continuous alcohol detection from September 27, 2007, through October 3, 2007; (8) Appellant initiated contact with minor children by sending a hand-written letter to his son on July 3, 2007; (9) Appellant initiated contact with minor children by talking to his niece; (10) Appellant accessed the internet without the court's permission; and (11) Appellant failed to perform any of his 160 hours of community service. Appellant pled true to allegations 4, 5, 6, 7, 8, and 11, and he further admitted to allegations 7 and 11 during his testimony at the motion-to-revoke hearing. The trial court found those allegations true. Therefore, we find Appellant's pleas of true and admissions were sufficient, standing alone, to support the trial court's revocation of supervision regardless of whether the evidence supported the court's findings on allegations 1, 2, 3, 9, and 10. *See Moses*, 590 S.W.2d at 470; *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Williams v. State*, 910 S.W.2d 83, 86 (Tex. App.–El Paso 1995, no pet.); *Battles v. State*, 626 S.W.2d 149, 150 (Tex. App.–Fort Worth 1981, no pet.). Accordingly, we overrule Appellant's fourth issue in his

supplemental brief.

## IMPARTIAL HEARING

Appellant also contends that he was not afforded a fair and impartial hearing. In his original brief, Appellant's fourth issue alleges that the trial court entered a predetermined sentence and failed to consider the entire punishment range. Appellant's third issue in his supplemental brief asserts that the trial court's prejudicial comments exhibited bias. We disagree.

Due process not only requires that a neutral and detached judicial officer presides over the proceedings, but also that the judicial officer considers the entire range of punishment before sentencing a defendant. *See Brumit v. State*, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006). Absent a clear showing to the contrary, we presume that the trial court was neutral and impartial, and that it considered the entire range of punishment. *Id*.

The State asserts that Appellant's complaints are not preserved for our review. However, the Court of Criminal Appeals recently declined to decide whether a party must object below to judicial bias or impartiality to preserve error. *Brumit*, 206 S.W.3d at 644-45. Therefore, assuming error was preserved, we find there was no evidence that the trial court behaved without impartiality.

Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.–Houston [14th Dist.] 2007, pet. ref'd). As the Supreme Court stated, "expressions of impatience, dissatisfaction, annoyance, and even anger" in the ordinary conduct of court administration does not establish bias. *Liteky v. U.S.*, 510 U.S. 540, 555-56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (discussing bias in the context of recusal).

Appellant's complaints are centered on the following comment from the trial court, which

4

was uttered after the parties made their closing arguments for punishment:

> Mr. Lackey, I looked at your SCRAM. I got those results e-mailed to me. There is a long period of time where I don't think you were sober. It's pretty apparent you have a drinking problem. What's also apparent is, you stood before me with Mr. Shapiro and basically told me you were going to do everything the Court asked you to do. I went out on a limb and gave you probation because not only did you plead guilty to each of these counts, but you then fled to Arizona. They had to pick you up and bring you back. So when you were placed on probation, you go out and start drinking and you show up to your sex treatment drinking and your probation. Then you say that – then I just heard testimony that you were taking a lot of painkillers. And you tell me you didn't break any laws, yet I know that you were drinking and driving at some point in time. I went out on a limb to give you probation, and it's only by the grace of God that you didn't go out there and hurt somebody else. I got lucky by putting you on probation, but the luck has run out.

We find that none of these comments show partiality or demonstrate that the trial court failed to consider the entire punishment range.

Appellant's first complaint is directed towards the trial court's comment that he received Appellant's SCRAM reports by email. Appellant contends that he was denied due process by the trial court's consideration of his SCRAM reports when he did not have the opportunity to review and address the reports. Appellant, however, pled true to the State's allegation that his SCRAM registered a continuous alcohol detection between September 27, 2007, and October 3, 2007. Because Appellant pled true to the allegation, there was no due process violation when the trial court considered the probation violation in assessing punishment.

Appellant next complains of the trial court's comment that he fled to Arizona and was extradited back to Texas. This comment does not show bias but appears to concern the history of the case and the trial court's initial reservations of placing Appellant on probation. *See Grimes v. State*, 135 S.W.3d 803, 819 (Tex. App.–Houston [1st Dist.] 2004, no pet.) ("Bias must come from an extrajudicial source and result in an opinion on the merits of the case other than what the judge

5

learned from participation in the case."). However, we need not determine whether the comment invokes partiality as Appellant failed to adequately brief his contention. Appellant's argument consists of one conclusory statement with no legal analysis or citation to authority addressing arguments identical or analogous to that uttered at bar. Appellant's complaint on this comment, therefore, is inadequately briefed. *See* TEX. R. APP. P. 38.1(h).

Appellant's third complaint is directed towards the court's comment that he was drinking and driving, and that he may hurt someone. Appellant asserts that there was no evidence to support the court's comment, noting that his testimony at the revocation hearing only admitted to drinking, not to driving while intoxicated. However, the trial court, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, could have disbelieved Appellant and inferred, based on his plea of true to the SCRAM allegation, his admissions to drinking, and his appearance before his therapist and counseling sessions with alcohol on his breath, that Appellant drove, after drinking, to his therapy and counseling sessions, and could have hurt someone in the process, despite Appellant's assertion that he did not drive after drinking. *See Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981) (trial court is sole judge of witness credibility in a motion-to-revoke proceeding); *Brooks v. State*, 153 S.W.3d 124, 129 (Tex. App.–Beaumont 2004, no pet.) (trial court could have inferred fact from testimony at the motion-to-revoke hearing). We find the trial court's comment did not demonstrate partiality but rather concern for the community.

Appellant's last complaint concerns the trial court's comment that it had gone out on a limb in giving him community supervision. According to Appellant, the court's language was a clear showing of partiality and vindictiveness. The record, however, demonstrated that Appellant violated his probation by repeatedly reporting to his therapist and counseling sessions smelling of alcohol,

6

that his blood-alcohol content was in excess of the legal limit on more than one occasion, that he continued to drink alcohol and contact minor children, and that he failed to perform his hours of community service. In other words, Appellant was given the opportunity to avoid a jail sentence but failed. The court's comment, although harsh, did not show partiality, but more accurately reflected a summary of the evidence before him. *See Liteky*, 510 U.S. at 555; *Dockstader*, 233 S.W.3d at 108; *Salinas v. State*, 9 S.W.3d 338, 341 (Tex. App.–San Antonio 1999, no pet.) (critical or disapproving remarks ordinarily do not support a bias when merits of the case support trial court's actions).

Finally, nothing about the proceedings below indicates that Appellant did not receive a fair and impartial hearing, much less that the trial court failed to consider the entire punishment range. Appellant was provided with the opportunity to testify and call witnesses to rebut or offer explanations to the State's probation-violation allegations. Appellant's evidence consisted of admitting to some of the State's allegations and requesting the court to give him another chance by extending his community supervision so that he could obtain alcohol treatment. Appellant admitted to repeatedly violating the conditions of his supervision by consuming alcohol and contacting his minor son and niece. Although the trial court assessed the maximum punishment, there is no indication that the trial court did not consider Appellant's testimony, pleas, and explanations prior to assessing punishment. *See Brumit*, 206 S.W.3d at 645 (finding no showing of bias when there was no indication that trial court failed to listen to all the evidence or consider a lower sentence, despite assessing the maximum sentence); *Booth v. State*, No. 05-08-00622-CR, 2009 WL 1664945, at *3 (Tex. App.–Dallas June 16, 2009, no pet.) (op., not designated for publication) (recognizing that although the trial court's comments were sharp or sardonic at times, nothing indicated that he did not listen to all the evidence before determining the sentence).

7

Based on the record presented, we conclude that none of the trial court's statements revealed any bias or partiality, nor is there any indication in the record that the court failed to consider the entire punishment range, much less that assessing the maximum sentence rendered the proceedings unfair to Appellant. Accordingly, Appellant's fourth issue in his original brief and third issue in his supplemental brief are overruled.

## DOUBLE JEOPARDY

We now turn to Appellant's first two issues in his original brief, which contend that the trial court abused its discretion by sentencing him to multiple punishments for the same offense in violation of the double-jeopardy clause when many of the counts either contained the same elements or same descriptive language.[2] *See Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); *Langs v. State*, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006) (recognizing that the double-jeopardy clause prohibits multiple punishments for the same offense). Appellant did not raise this argument prior to his guilty pleas; however, after the State filed its motion to revoke, Appellant filed a hand-written motion to quash the revocation motion on grounds that lack of specificity in the indictment prohibited him from raising double jeopardy. Appellant raised his argument, albeit in a few conclusory statements, at the hearing on the State's motion to revoke, and the trial court, without hearing from the State, overruled the motion. The record contains no factual recitations for each count.

---

[2] Counts I and V alleged Appellant intentionally and knowingly possessed visual material that depicted a child younger than 18 years of age engaging in sexual conduct, to-wit: sexual intercourse. Counts II, III, VII, VIII, X, XI, and XII alleged Appellant intentionally and knowingly possessed visual material that depicted a child younger than 18 years of age engaging in sexual conduct, to-wit: lewd exhibition of the genitals. Counts IV and VI alleged Appellant intentionally and knowingly possessed visual material that depicted a child younger than 18 years of age engaging in sexual conduct, to-wit: deviate sexual intercourse. And Count IX alleged Appellant intentionally and knowingly possessed visual material that depicted a child younger than 18 years of age engaging in sexual conduct, to-wit: deviate sexual intercourse and sexual intercourse.

Initially, we note that Appellant's motion to quash the State's motion to revoke was, in essence, a motion to quash the indictment. Indeed, Appellant's motion does not complain that he lacked notice of the violations alleged in the State's revocation motion, but rather that a finding of guilty on all counts of the indictment would violate double jeopardy. *See Mitchell v. State*, 608 S.W.2d 226, 228 (Tex. Crim. App. 1980) (requiring revocation motions to contain sufficient information so that the accused can properly defend himself against the charges alleged for revocation). Complaints regarding the indictment, however, must be presented before an accused pleads guilty. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (Vernon 2005); *Studer v. State*, 799 S.W.2d 263, 273 (Tex. Crim. App. 1990). Because Appellant did not challenge the indictment until after he entered his guilty pleas, we determine that his double-jeopardy complaint was not properly before the trial court at the revocation hearing and is, therefore, presented for the first time on appeal.[3] *See Acosta v. State*, 640 S.W.2d 381, 383 (Tex. App.--San Antonio 1982, no pet.) (holding time to challenge indictment was before defendant pled, not when revocation hearing commenced); *Pompa v. State*, No. 05-98-01753-CR, 2000 WL 388758, at *1 (Tex. App.–Dallas Apr. 18, 2000, no pet.) (op., not designated for publication) (holding indictment complaint waived on appeal from revocation when defendant did not challenge it prior to his plea of guilty).

Because of the fundamental nature of double-jeopardy protections, a double-jeopardy claim may be raised for the first time on appeal, or even for the first time by collateral attack, when the undisputed facts show the double-jeopardy violation is clearly apparent on the face of the record and

---

[3] Appellant could have raised this complaint at the revocation hearing by raising a void-judgment challenge through an application for writ of habeas corpus. *Nix v. State*, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); *Jordan v. State*, 54 S.W.3d 783, 785 (Tex. Crim. App. 2001); *Few v. State*, 136 S.W.3d 707, 711 (Tex. App. – El Paso 2004, no pet.). Appellant, however, did not do so.

9

when enforcement of usual rules of procedural default serves no legitimate state interests. *Gonzalez v. State*, 8 S.W.3d 640, 643 (Tex. Crim. App. 2000). However, on appeals from an order revoking probation, the general rule is that we are limited to the propriety of the revocation order and cannot consider the validity of the original or underlying conviction. *Manuel v. State*, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); *Whetstone v. State*, 786 S.W.2d 361, 363 (Tex. Crim. App. 1990). Appellant's double-jeopardy complaint relates to the trial court's original judgment accepting his pleas of guilty to each count; therefore, we cannot consider it.

Nevertheless, we may address Appellant's double-jeopardy complaint if it would render the judgment void, as a void judgment may be attacked at any time. *Nix*, 65 S.W.3d at 667-68; *Jordan*, 54 S.W.3d at 785 (recognizing the void-judgment exception); *see also Ex parte Patterson*, 969 S.W.2d 16, 19 (Tex. Crim. App. 1998) (void judgment can be attacked at any time). Under the void-judgment exception, which only applies in "rare situations," the trial court had no power to render the judgment. *Nix*, 65 S.W.3d at 667; *Few*, 136 S.W.3d at 711.

Double jeopardy, according to the Dallas Court of Appeals, is a jurisdictional defect. *See Harrison v. State*, 721 S.W.2d 904, 905 (Tex. App.–Dallas 1986), *vacated & remanded on other grounds*, 767 S.W.2d 803 (Tex. Crim. App. 1989); *accord Okigbo v. State*, 960 S.W.2d 923, 925 n.1 (Tex. App.–Houston [1st Dist.] 1998, pet. ref'd); *Cole v. State*, 776 S.W.2d 269, 270 (Tex. App.–Houston [14th Dist.] 1989, no pet.); *Garcia Rodriguez v. State*, 750 S.W.2d 906, 908 (Tex. App.–Corpus Christi 1988, pet. ref'd) (cases holding double jeopardy is a jurisdictional defect); *but see King v. State*, 161 S.W.3d 264, 268 (Tex. App.–Texarkana 2005, pet. ref'd); *Ramirez v. State*, 36 S.W.3d 660, 663 (Tex. App.–Waco 2001, pet. ref'd); *Yount v. State*, No. 03-96-00565-CR, 1998 WL 3205, at *2 (Tex. App.–Austin Jan.8, 1998, no pet.) (op., not designated for publication) (cases

holding double jeopardy is a non-jurisdictional defect). Because this case has been transferred to our Court, we are bound to apply the law of the transferring jurisdiction. *See* TEX. R. APP. P. 41.3. Thus, if some of the acts in the indictment violated double jeopardy, the court was without jurisdiction to proceed on those counts, and any judgment on those counts is void.

> However, to be void:
>
> [T]he record must leave no question about the existence of the fundamental defect. If the record is incomplete, and the missing portion could conceivably show that the defect does not in fact exist, then the judgment is not void, even though the available portions of the record tend to support the existence of the defect.

*Nix*, 65 S.W.3d at 668-69; *Davis v. State*, 227 S.W.3d 733, 736 (Tex. Crim. App. 2007). When a defendant does not challenge the indictment pre-trial and chooses to forego a trial and plead guilty to multiple counts with facial allegations of distinct offenses, he concedes that he has committed separate crimes, and there is no record by which to contradict the allegations. *United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 763, 102 L.Ed.2d 927 (1989). In other words, absent factual proceedings where a claim of double jeopardy was developed in light of a defendant's guilty pleas, no double-jeopardy violation is clearly apparent on the face of the record. *Id.*; *see also Gonzalez*, 8 S.W.3d at 643.

Although the indictment in this case alleged the same conduct in many counts, thus tending to support the existence of a double-jeopardy violation, Appellant pled guilty to all counts alleged in the indictment. By doing so, he conceded that each count was a separate criminal act. As there were no proceedings that developed the facts of each charged act, we lack the ability to determine whether those acts were the same or separate crimes. *See King*, 161 S.W.3d at 268 (the two indictments and the record of the plea and revocation hearings were insufficient to determine

11

defendant's double-jeopardy claim); *cf. Murray v. State*, 24 S.W.3d 881, 889 (Tex. App.–Waco 2000, pet. ref'd) (because defendant was tried on both offenses, his double-jeopardy claim could be resolved on the existing record). Therefore, in light of the record, Appellant has not shown a void judgment, much less a double-jeopardy violation. We resolve Appellant's issues against him.

## STACKING ORDER

Appellant's remaining issues assert that the trial court erred by ordering his sentences on Count I and II to be served consecutively, as opposed to concurrently. Appellant raises two arguments to support his contention. His first argument, which is Appellant's third issue in his original brief and first issue in his supplemental brief, allege that since the original judgment of probation provided that each probated sentence would run concurrently, the trial court could not impose consecutive prison sentences upon revocation of his probation. His second argument, labeled issue one in his supplemental brief, contends that the trial court violated the principles of double-jeopardy by stacking his sentences after he already began serving them. We reject both arguments.

### *Ability to Stack on Revocation*

The trial court's decision whether the community-supervision terms will run concurrently or consecutively when a defendant is placed on community supervision for multiple cases has no relationship to the later decision of whether a prison sentence will run concurrently or consecutively if community supervision is revoked. *See Gordon v. State*, 575 S.W.2d 529, 535 (Tex. Crim. App. 1979) (op. on reh'g); TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2009); 43 George E. Dix & Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 38.211 (2009). It is not until the trial court revokes the community supervisions and imposes the sentences that the question of whether the sentences will run concurrently or consecutively arises. TEX. CODE CRIM.

12

PROC. ANN. art. 42.08(a). Even if the trial court announces, upon imposition of community supervision, that it will impose concurrent sentences if the community supervision is revoked, the court is still free later to impose consecutive sentences upon revocation. *See McCullar v. State*, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984). Thus, although the trial court ordered that each of Appellant's probated sentences ran concurrently upon imposition of community supervision, that order did not affect the trial court's ability to later stack his sentences when community supervision was revoked. We overrule Appellant's complaints.

*Already Serving Sentence*

Appellant also alleges that because he was already serving his sentences, that is, that since the record shows he paid the fines and spent time in jail before the plea proceedings and later, while waiting for the State's motions to revoke to be heard, the trial court could not, in essence, re-sentence him by stacking his sentences for Counts I and II without violating the double-jeopardy clause. *See Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004); *Ex parte Barley*, 842 S.W.2d 694, 695 (Tex. Crim. App. 1992) (stacking sentences after the defendant has started serving one sentence violates the constitutional protection from double jeopardy because it punishes the defendant twice for the same offense); *see also Ex parte Voelkel*, 517 S.W.2d 291, 292 (Tex. Crim. App. 1975) (holding stacking order void when issued day after defendant began serving his sentence). The State responds that double jeopardy was not invoked and contests the payment of the fines. We first address whether Appellant began serving his sentence when he spent time spent in jail awaiting the plea hearing and later, the motion to revoke.

When a defendant is placed on probation, the sentence is suspended. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (Vernon Supp. 2009); *O'Hara v. State*, 626 S.W.2d 32, 34-35 (Tex. Crim.

13

App. 1981); *Worthington v. State*, 38 S.W.3d 815, 820 (Tex. App.–Houston [14th Dist.] 2001), *vacated on other grounds by* 67 S.W.3d 191 (Tex. Crim. App. 2001); *Burns v. State*, 835 S.W.2d 733, 737 (Tex. App.–Corpus Christi 1992, pet. ref'd). The sentence, therefore, is imposed for the first time when probation is revoked. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3; *O'Hara*, 626 S.W.2d at 34-35; *Worthington*, 38 S.W.3d at 820; *Burns*, 835 S.W.2d at 737. Thus, the time Appellant spent in jail before the plea hearing and waiting for the State's motions to revoke to be heard was not time spent serving a portion of his original sentences, as they were not imposed but suspended. *See Worthington*, 38 S.W.3d at 820; *Burns*, 835 S.W.2d at 737 (holding that time spent in jail waiting for the State's motion to revoke to be heard did not constitute time spent serving a portion of sentence). Accordingly, the trial court did not abuse its discretion by ordering Appellant's sentences stacked.

Appellant also contends that since the record shows he paid the original fines assessed, he already began serving his sentences when the trial court decided to stack his sentences on revocation. Appellant does not contend on appeal that he actually paid the fines, but rather asserts that since the State's amended motion to revoke did not contain the failure-to-pay-the-fine allegation and that each revocation judgment noted a fine of "none," we must conclude that he previously paid the fines. However, the State's original motion to revoke alleged that Appellant never paid the fine. Whether Appellant paid the fine was not addressed at the revocation hearing, the clerk's record does not contain a receipt of payment, and the trial court did not make an explicit finding that the fine was paid. Where a defendant claims only that the record could show a double-jeopardy violation, such a violation is not clearly apparent on the face of the record. *Langs*, 183 S.W.3d at 687; *see also Gonzalez*, 8 S.W.3d at 643. Based on the record before us, Appellant has not shown that he already

14

began serving his sentence, i.e., that he paid his fine, before his probation was revoked and his sentences were stacked. We overrule Appellant's second issue in his supplemental brief.

## REFORMATION

In a cross-point, the State contends that because the record does not indicate that Appellant paid the fines, we should reform the judgment to include the original $1,500 fine. We agree. Where a fine is not probated, as in this case, it should be included in the judgment upon revocation even though the trial court did not orally pronounce it at the revocation hearing. *See Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998); *Brown v. State*, 167 S.W.3d 646, 647-48 (Tex. App.–Dallas 2005, no pet.). We, therefore, reform the judgments to reflect a $1,500 fine for each count. *See* TEX. R. APP. P. 43.2(b).

## CONCLUSION

Having overruled Appellant's issues and reforming the judgments to reflect the $1,500 fines, we affirm the trial court's judgments as reformed.


                                                    GUADALUPE RIVERA, Justice

December 16, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)