Kenneth Ray BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–04–00515–CR.

Court of Appeals of Texas, Dallas.

July 20, 2005.

Jan E. Hemphill, Attorney At Law, Dallas, TX, for Appellant.

Christina O'Neil, District Attorney Office, Dallas, TX, for State.

Before Justices WRIGHT, BRIDGES, and FITZGERALD.

## OPINION

Opinion by Justice WRIGHT.

Kenneth Ray Brown waived a jury trial, entered a negotiated guilty plea to possession of cocaine in an amount less than one gram, and pleaded true to one enhancement paragraph. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Vernon 2003). Pursuant to the plea bargain agreement, the trial court assessed punishment at six years' confinement, probated for six years, and a $750 fine. The State later moved to revoke appellant's probation, alleging appellant committed several new offenses. Appellant pleaded not true to the allegations at a hearing on the motion. The trial court found the allegations true, revoked appellant's probation, and assessed punishment at six years' confinement and a $700 fine. In his first appeal, appellant argued that the trial court erred in assessing punishment at six years' confinement for a state-jail felony offense. We sustained appellant's point of error, reversed the trial court's judgment, and remanded for a new punishment hearing. *See Brown v. State,* No. 05–99–01853–CR, 2003 WL 22020805 (Tex.App.-Dallas Aug.28, 2003, no pet.) (not designated for publication). At the new hearing, the trial court assessed punishment at one year's confinement in a state jail facility. The unprobated fine assessed when appellant was placed on community supervision was also included in the judgment.

In a single issue, appellant argues the trial court's judgment revoking probation should be modified to delete a fine that was not orally pronounced when the trial court resentenced appellant. The State agrees that the fine should be deleted because it was not orally pronounced at the resentencing. We disagree.

The State relies upon *Taylor v. State,* 131 S.W.3d 497 (Tex.Crim.App.2004). *Taylor* is distinguishable on procedural grounds because it involved deferred adjudication. Because the order deferring adjudication of guilt is set aside once guilt is adjudicated, there is no longer a fine imposed on the defendant. *See id.* at 502. The entire punishment range is available to the court, and any new fine must be orally pronounced at sentencing. *See id.* That was not the situation before the trial court in this case.

On original appeal, appellant complained only about the six-year sentence imposed. *See Brown,* No. 05–99–01853–CR. He neither complained about the fine nor was there any problem with the fine, which was within the range for a state jail felony. *See* TEX. PEN.CODE ANN. § 12.35 (Vernon 2003). We determined that the term of years imposed after revocation was outside the punishment range and remanded for new sentencing pursuant to article 44.29.[1] *See Brown,* No. 05–99–01853–CR Therefore, the scope of the remand for new punishment was limited to the terms of appellant's complaint—a sentence to a term within the state jail felony range. On remand, the trial court acted within the scope of the remand. The judge sentenced appellant to a term of one year's confinement in a state jail facility. The

---

1. Article 44.29(b) provides that reversible error made during the punishment stage of the trial warrants a new punishment hearing only, rather than an entirely new trial, by commencing the new hearing *as if a finding* of guilt had been returned and proceeding to the punishment stage of the trial. *See* TEX. CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2004–05).

trial judge did not have to repronounce the fine because there was never an issue regarding the fine. Pursuant to *Coffey v. State,* 979 S.W.2d 326, 329 (Tex.Crim.App. 1998), the unprobated fine was properly included in the new judgment revoking probation entered following the resentencing. Thus, appellant is not entitled to have the fine deleted from the judgment revoking probation. *See id.* We resolve appellant's sole issue against him.

We affirm the trial court's judgment.