

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00205-CR

**CHRISTOPHER JASON HALL,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 220th District Court
Bosque County, Texas
Trial Court No. 06-11-14071 BCCR**

## O P I N I O N

Christopher Jason Hall was convicted of Theft over $1,500 and less than $20,000 and sentenced to 10 years in prison and a $1,000 fine. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (West 2011). The trial court's judgment also required restitution in the amount of $2,400. The trial court suspended Hall's sentence, but not the fine or restitution, and placed Hall on community supervision for ten years. Seven years later,

Hall's community supervision was revoked, and he was sentenced to 10 years in prison. Because at the time of the revocation the State had no burden to prove how much of the fine Hall had or had not paid, the trial court's judgment is affirmed as modified.

**BACKGROUND**

The trial court imposed a $1,000 fine when Hall was originally placed on community supervision. In its amended motion to revoke Hall's community supervision, the State alleged as one of its grounds for revocation that Hall had failed to pay $160 of the fine originally imposed which, pursuant to the conditions of community supervision, was due in monthly installments of $10. At the revocation hearing, however, the State abandoned the failure to pay the fine as a ground for revocation. The trial court ultimately revoked Hall's community supervision on other grounds alleged by the State, sentenced Hall to the original sentence of ten years in prison, and informed Hall that his "financial obligations are carried forward." Hall does not assert the trial court abused its discretion in revoking Hall's community supervision on the evidence the State presented on the other grounds alleged.

**IMPOSITION OF FINE**

In his sole issue on appeal, Hall asserts that there is no evidence to support the trial court's imposition of a $780 fine. Specifically, Hall contends the State did not prove how much of the fine originally imposed was still owed by Hall. Prior to the revocation hearing, the State abandoned its claim that Hall failed to pay any part of the fine

previously ordered. Thus, whether or not Hall failed to pay any part of the fine was not at issue at the revocation hearing, and the State was not required to present evidence on this ground. *See Conner v. State*, 418 S.W.3d 742, 744 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (State had no burden to prove defendant willfully failed to pay fees when State abandoned failure to pay fees as ground of revocation); *Francis v. State*, No. 01-10-00748-CR, 2011 Tex. App. LEXIS 8392 (Tex. App.—Houston [1st Dist.] Oct. 20, 2011, no pet.) (not designated for publication) (abandoned condition of community supervision not at issue at revocation hearing). The State cannot be faulted for failing to present evidence on something it had no burden to prove.

**MODIFICATION OF JUDGMENT**

We note that it is clear that the trial court intended to carry the original amount of the financial obligations, including the fine and restitution, forward into the judgment which revoked Hall's community supervision. This is clear because of the statement the trial court made on the record, "Your financial obligations are carried forward." Further, in the uniform judgment, *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, Sec. 4 (West 2006) (Office of Court Administration to promulgate uniform felony judgments), the trial court responded, "NO," to the question, "Is Original Judgment/Sentence Reformed?" In the judgment, the trial court attempted to give Hall credit for the amount he had already paid toward the fine. The proper way to avoid reforming the judgment, however, is to impose the original amount of the fine.

Payments, if any, are an accounting function performed by the trial court clerk and should not be reflected as "adjustments" to the fine imposed at the time of revocation. *See Brown v. State*, 167 S.W.3d 646, 648 (Tex. App.—Dallas 2005, no pet.) (unprobated fine properly included in the new judgment revoking probation entered following the resentencing). *But see Mercer v. State*, No. 13-13-00150-CR, 2015 Tex. App. Lexis 6745, *9 (Tex. App.—Corpus Christi, July 2, 2015, no pet.) (not designated for publication) (judgment modified to reflect balance of fine owed).

We are authorized to reform the judgment to make it "speak the truth" of the sentence imposed when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Further, such authority is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Id*. at 529-530. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (adopting the reasoning in *Asberry*). We may act *sua sponte* and may have the duty to do so. *Id*. at 530. Accordingly, we reform the judgment to make it reflect the financial obligations imposed in the original judgment and leave the credits, if any, to the payment history maintained by the district clerk. *See Brown*, 167 S.W.3d at 648. *But see Mercer*, No. 13-13-00150-CR, 2015 Tex. App. Lexis 6745 at *9.

**CONCLUSION**

Hall's sole issue is overruled.  The trial court's judgment is modified to reflect the

fine and restitution imposed in the original judgment and is affirmed as modified.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed as modified
Opinion delivered and filed October 29, 2015
Publish
[CR25]

