ACCEPTED
03-15-00539-CR
7922395
THIRD COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 11:00:08 AM
JEFFREY D. KYLE
CLERK

No. 03-15-00539-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
11/20/2015 11:00:08 AM
JEFFREY D. KYLE
Clerk

********

# MATTHEW DIAZ

## VS.

# THE STATE OF TEXAS

********

ON APPEAL FROM THE 426th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 72269

******

# STATE'S BRIEF

******

HENRY GARZA
DISTRICT ATTORNEY

BOB D. ODOM
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# TABLE OF CONTENTS

**ITEM**                                                                                    **PAGE**

Index of Authorities ……………………………………………………………    4

Statement Regarding Oral Argument ……………………………….…..    6

Statement of the Case ……………………………………………………….    6

Statement of Facts ……………………………………………………………    7

Summary of State's Argument ………………………………………….…    10

Argument and Authorities …………………………………………….…...    11

    First Issue on Appeal …………………………………………………    11
            TRIAL COURT ERR IN FAILING TO CONDUCT
            HEARING ON ABILITY TO PAY COURT COSTS
            AND FEES EVEN THOUGH APPELLANT PLED
            TRUE TO OTHER ALLEGATIONS IN MOTION
            TO ADJUDICATE NOT INVOLVING FAILURE
            TO PAY?

        Standard of Review ……………………………………………    12

        Application and Analysis ……………………………………    13

    Second Issue on Appeal ……………………………………………    15
            TRIAL COURT ERR IN INCLUDING DEADLY
            WEAPON FINDING IN JUDGMENT ADJUDICATING
            GUILT?

        Application and Analysis ……………………………………    15

Third Issue on Appeal ............................................................... 21
TRIAL COURT ERR IN ORDERING PAYMENT
OF COURT COSTS AND FEES IN ACCORDANCE
WITH THE BILL OF COSTS?

    Standard of Review ........................................................ 21

    Application and Analysis ............................................... 22

Prayer ................................................................................................. 26

Certificate of Compliance with Rule 9 ............................................... 27

Certificate of Service ......................................................................... 27

# INDEX OF AUTHORITIES

**CASES**                                                                 **PAGE**

*Cardona v. State*, 665 S.W.2d 492 (Tx. Cr. App. 1984) ...................... 12

*Gipson v. State*, 428 S.W.3d 107 (Tx. Cr. App. 2014) ........................ 13

*Guthrie-Nail v. State*, __S.W.3d__, No. PD-0125-14, 2015 ................ 18-20
        Tex.Crim. App. LEXIS 917 (Tx. Cr. App. Sept. 16, 2015)

*Hall v. State,* __S.W.3d__, No. 10-14-00205, 2015 Tex. ..................... 25
        App. LEXIS 11128, (Waco 10th Dist. 2015)

*Ex Parte Huskins*, 176 S.W.3d 818 (Tx. Cr. App. 2005) .................... 17-18

*Ireland v. State*, No. 03-14-00615-CR, 2015 Tex. App. ....................21, 24
        LEXIS 8404 (Tx. App. Austin 3rd Dist. 2015 no pet.),
        not designated for publication.

*Johnson v. State*, 423 S.W.3d 385 (Tx. Cr. App. 2014) ...................... 21

*Jones v. State,* 589 S.W.2d 419 (Tx. Cr. App. 1979) ........................... 12

*Moore v. State*, 605 S.W.2d 924 (Tx. Cr. App. 1980) ......................... 12

*Moses v. State*, 590 S.W.2d 469 (Tx. Cr. App. 1979) ......................... 13

*Patterson v. State*, No. 05-13-01567-CR, 2015 Tex. App. ................. 14
        LEXIS 753 (Tx. App. Dallas 5th Dist. 2015 no pet.),
        not designated for publication.

*Rickels v. State*, 202 S.W.3d 759 (Tx. Cr. App. 2006) ........................ 12

**OTHER**

*Texas Penal Code*

      Section 29.03(a)(2) ........................................................   16

*Texas Code of Criminal Procedure*

      Article 42.12(5)(b) ........................................................   12

      Article 42.12(21)(c) ......................................................   13

      Article 102.011 ............................................................   23

*Texas Government Code*

      Section 51.851 ............................................................   24

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Matthew Diaz, was charged by indictment with the offense of aggravated robbery with a deadly weapon. (CR-4). Pursuant to a plea bargain with the State (CR-200), he entered a plea of guilty to the offense as charged in the indictment and was placed on a ten year deferred adjudication community supervision on March 31, 2014. (CR-30; RR Supp-11-13).

The State subsequently filed its First Amended Motion to Adjudicate (CR-46) and that motion was heard by the trial court on June 1, 2015. (RR2). The Appellant entered pleas of true to each of the 19 allegations contained in the motion to adjudicate (RR 2-9). His written stipulation, judicially confessing to all of the allegations in the motion and that he was the person placed on deferred adjudication (See State's Exhibit 1) was admitted without objection. (RR2-10). The trial court found that it had enough evidence to find that the Appellant had violated the terms and conditions of his deferred adjudication and recessed the hearing. (RR 2-11).

At the subsequent hearing on punishment the trial court found all of the allegations in the State's Motion to Adjudicate to be true and entered a finding of guilty of the offense of aggravated robbery. The court assessed punishment at five years in the Texas Department of Criminal Justice Institutional Division and ordered the payment of all court costs in the case. (CR-30; RR3-16).

The Appellant gave timely notice of appeal (CR-65) and the trial court certified his right to do so. (CR-58).

## STATEMENT OF FACTS

Because the Appellant raises three issues on appeal, none of which contests the sufficiency of the evidence as to his guilt of the charged offense of aggravated robbery, the State will not recite the facts of the offense.

In this case the indictment charged that the Appellant, acting individually as well as a party with a named individuals "....while in the course of committing theft of property and with the intent to obtain or maintain control of said property, intentionally and knowingly threaten or place Jose Rolando Hernandez-Torres in fear of imminent bodily

injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm." (CR-4).

During the plea proceeding the Appellant entered a plea of guilty to the charge of aggravated robbery and the trial court took judicial notice of the Appellant's judicial confession (RR. Supp-13). In that judicial confession the Appellant acknowledged that he had read the indictment and had committed each and every act alleged therein and that all of the alleged facts were true and correct. He specifically admitted that "All deadly weapon allegations are true and correct." (CR-25).

During the plea proceedings the trial court inquired as to whether the Appellant understood the allegations of the use or exhibition of a deadly weapon and the effect of those allegations, and he indicated that he did. (RR. Supp.-9, 10).

The trial court found the evidence sufficient to support a finding of guilty, but withheld such a finding and placed the Appellant on a deferred adjudication probation in keeping with the plea bargain, and fined him $1,500.00 (RR. Supp.-18). In cautioning the Appellant concerning the need to abide by the terms and conditions of his deferred adjudication, the trial court expressly noted that there was an

affirmative finding of a deadly weapon and the Appellant again indicated that he understood. (RR. Supp. -17). The trial court's Order of Deferred Adjudication recited that there was an affirmative finding of the use of a deadly weapon, a firearm. (CR-30).

The State subsequently filed its First Amended Motion to Adjudicate. That motion contained 19 paragraphs, listed as paragraphs A through S, each alleging separate violations of the terms and conditions of the Appellant's deferred adjudication. Eight of those allegations, paragraphs J through Q, alleged failure to pay fines, court costs and various fees in connection with his deferred adjudication as ordered by the court. The remaining paragraphs charged violations of other terms and conditions including the commission of a criminal offense (paragraph A); as well as positive tests for cocaine, the use of marijuana, failure to complete drug and alcohol screening, failure to report, failure to complete community service hours, and failure to attend the violence intervention program as ordered. (CR46-48).

At the hearing on the motion to adjudicate the Appellant admitted that he was the person previously placed upon deferred adjudication in this case for the felony offense of aggravated robbery and that included a finding of a deadly weapon. (RR2-5). The Appellant then entered

9

pleas of true to the matters alleged in paragraphs A through S of the State's First Motion to Adjudicate. (RR2-9). State's exhibit 1, the Appellant's written stipulation of evidence, reiterating that he was entering pleas of true to all of the allegations in the motion and judicially confessing, was admitted into evidence without objection. (RR2-10).

At the subsequent punishment hearing the trial court stated that it was finding that the allegations in the State's Motion to Adjudicate were true, found the Appellant guilty, and assessed his punishment at 5 years in prison. (RR3-16).

The Judgment Adjudicating Guilt included an affirmative finding of the use of a deadly weapon, a firearm. (CR-60).

## SUMMARY OF STATE'S ARGUMENT

The Appellant pled true to all 19 allegations in the motion to adjudicate that included 9 unrelated to the failure to pay court costs or fees. A plea of true alone is sufficient to support a finding that the terms and conditions of the deferred adjudication were violated and a proof of a single violation is sufficient for revocation and adjudication. Therefore, evidence as to ability to pay court costs and fines on other

allegations was unnecessary in order to support the judgment of conviction.

The trial court affirmatively found the use and exhibition of a deadly weapon at every stage of the proceedings prior to the oral pronouncement of sentence. In a bench trial it is unnecessary to such a finding to be included in that pronouncement and it may be properly part of the written judgment of conviction.

All of the court costs and fees assessed after the judgment adjudicating guilt were authorized by statute and part of the official bill of costs. They were properly included in the order and the Appellant may rely upon the payment records of the district clerk to determine any credit he may have for previous payments.

## ARGUMENT AND AUTHORITIES

### *First Issue on Appeal*

Did the trial court err in revoking the Appellant's deferred adjudication by failing to conduct a hearing on his ability to make the required payments as alleged in ten of the paragraphs of the motion to revoke, when he also entered pleas of true to nine other allegations not involving the failure to pay?

### *Standard of Review*

A trial court's Judgment Adjudicating Guilt is reviewed in the same manner as a revocation hearing. Article 42.12(5)(b), *Texas Code of Criminal Procedure.* When reviewing the trial court's decision to revoke community supervision imposed under a deferred adjudication order the sole question is whether the court abused its discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tx. Cr. App. 2006). The State bears the burden of proving that the probationer violated the terms and conditions of the deferred adjudication by a preponderance of the evidence as alleged in the motion to revoke. Where more than one violation of the terms and conditions are alleged, a single violation is adequate and the order of revocation must be affirmed if at least one sufficient ground alleged supports the trial court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tx. Cr. App. 1980).

The trial court abuses its discretion in revoking a deferred adjudication community supervision only if the State fails in its burden of proof as to every ground alleged. *Cardona v. State*, 665 S.W.2d 492, 494 (Tx. Cr. App. 1984). The evidence supporting the ruling of the court must be viewed in the light most favorable to that ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tx. Cr. App. 1979). A plea of true, standing alone,

is sufficient to support a trial court's revocation order. *Moses v. State*, 590 S.W.2d 469, 470 (Tx. Cr. App. 1979).

### *Application and Analysis*

Although he attempts to couch it in terms of an alleged due process violation by failing to conduct a hearing on his ability to pay[1] the various costs, fees, and fines that he was alleged to have failed to pay in paragraphs J through Q of the motion to revoke[2]; the Appellant actually complains that the evidence to support the trial court's findings with respect to those allegations was not sufficient. Even though he entered pleas of true to all of those allegations, he notes that the court did not conduct a further hearing, nor did the State offer additional evidence as to his ability to pay.

What the Appellant ignores, however, is that paragraph A alleged a subsequent violation of the law while on deferred adjudication; paragraphs B and C alleged the use of cocaine and marijuana; paragraph D alleged failure to complete the Drug Offenders Course as ordered; paragraphs E and F alleged failure to report; paragraphs G through I

---

[1] See Article 42.12(21)(c), Code of Criminal Procedure, requiring the State to prove that the accused was able to pay, but did not do so, in order to revoke community supervision for failure to pay costs, fees, and attorney's fees.

[2] The failure to pay fines, as alleged in paragraph K, is not subject to the requirements of 42.12(21)(c). *Gipson v. State*, 428 S.W.3d 107, 109 (Tx. Cr. App. 2014).

alleged violation of the rules and regulations of the community supervision department; and paragraphs R and S charge failure to participate in and complete community service activities as ordered.

None of these allegations involve the failure to pay costs or fees. In each case the Appellant entered pleas of true to those allegations of violations of the terms and conditions of his deferred adjudication. He does not contest the voluntariness of those pleas or that they constituted violations of the terms and conditions imposed by the trial court.

The State was only required to prove one violation as alleged in the motion to adjudicate in order to sustain the trial court's Judgment Adjudicating Guilt. The Appellant's plea of true, standing alone, was sufficient to do so. Even discounting the failure to pay allegations, the State, based upon the Appellant's pleas of true, proved nine other violations of the terms and conditions of his deferred adjudication. That being the case the Court need not reach the question of proof of his ability to pay. See *Patterson v. State*, No. 05-13-01567-CR, 2015 Tex. App. LEXIS 753 (Tx. App. Dallas 5th Dist. 2015 no pet.), not designated for publication. (Court of Appeals need not reach question of failure to

14

prove ability to pay where the defendant pled true to other allegation in motion to revoke).

## Second Issue on Appeal

Did the trial court err in including a finding of the use and exhibition of a deadly weapon, a firearm, in its Judgment Adjudicating Guilt?

### Application and Analysis

The Appellant complains that the trial court's written Judgment Adjudicating Guilt included the recitation that a deadly weapon, a firearm was used in the commission of the offense. He says that the fact that the trial court stated at the conclusion of the adjudication hearing :

> "THE COURT: Mr. Diaz, at this time I'm finding that the allegations in the State's Motion to Adjudicate are true. I'm finding you guilty of the felony offense of aggravated robbery." (RR3-16);

shows that there was no affirmative finding of the use and exhibition of a deadly weapon.

The indictment in this case charged that the Appellant committed the offense of aggravated robbery by threatening and placing the victim in fear of serious bodily injury or death, and that he used or exhibited a deadly weapon, to-wit: a firearm to do so. (CR-4). The use of the

15

firearm was the element of the offense making it aggravated robbery. Section 29.03(a)(2). The Appellant plead guilty to the offense of aggravated robbery as charged in the indictment. (RR. Supp.-11-13). His judicial confession specifically affirmed that the deadly weapon allegations in the indictment were true and correct. (CR-25). In being questioned by the trial court the Appellant confirmed that he understood the effect upon him of the deadly weapon finding. (RR. Supp. -17). The order placing the Appellant on deferred adjudication expressly included a finding that a deadly weapon, a firearm had been used and exhibited in the commission of the offense. (CR-30).

At the revocation hearing the Appellant admitted to the trial court that he had been placed on deferred adjudication for the offense of aggravated robbery in the case and that there had been an affirmative finding of a deadly weapon. (RR2-5). When the trial court ruled upon the motion to adjudicate it found all of the allegations in the motion to adjudicate to be true and, although the court did not mention the deadly weapon finding at that time, it found the Appellant guilty of the offense of aggravated robbery, which necessarily included a finding that the element that made the offense aggravated robbery, the use of the deadly weapon was true. The Judgment Adjudicating Guilt recited that the trial

16

court had found that a deadly weapon, a firearm, had been used in the commission of the offense, precisely as had the previous order placing the Appellant on deferred adjudication.

In *Ex Parte Huskins*, 176 S.W.3d 818 (Tx. Cr. App. 2005) almost an identical question presented itself. The defendant had been placed on deferred adjudication for the offense of deadly conduct after his plea of guilty. Later, upon the State's motion, the trial court adjudicated guilt an orally pronounced sentence without then announcing a deadly weapon finding. *Huskins* at 819. The Court of Criminal Appeals noted that the indictment included an allegation of the use and exhibition of a deadly weapon and that, when the defendant pled guilty to that offense he confessed to committing the offense charged in the indictment. Thus, by properly admonishing the defendant and accepting his plea of guilty, the trial court necessarily determined that a deadly weapon had been used in the commission of the offense. Noting that a deadly weapon finding, although affecting eligibility for parole and how the sentence is served, does not alter the range of punishment, the appellate court held that the trial court is not required to orally announce such a finding at sentencing so long as the allegation of the use of a deadly weapon is clear from the face of the indictment. The Court found that the deadly

weapon finding was properly included in the written judgment after adjudication of guilt. *Huskins* at 820-21.

In this case the allegation of the use of a deadly weapon was not only clearly set out in the indictment, it was the element included in that indictment that made the charge against the Appellant the offense of aggravated robbery. The Appellant obviously had notice of the deadly weapon allegation because he pled guilty to the offense charged, judicially confessed to the use of the deadly weapon as alleged, and confirmed it to the court during his initial plea of guilty and during the adjudication hearing.

The Appellant, however, argues that *Ex Parte Huskins* "has been implicitly disapproved" by the Court of Criminal Appeals" in *Guthrie-Nail v. State*, No. PD-0125-14, 2015 Tex. Crim. App. LEXIS 917 (Tx. Cr. App. September 16, 2015). However, not only did the Court of Criminal Appeals not disapprove *Huskins*, implicitly or otherwise, it actually cited *Huskins* as authority for the proposition that in a bench trial a deadly weapon finding need not be included in the oral pronouncement of sentence, if it is alleged in the charging instrument and, thus, may be included for the first time in the written judgment. *Guthrie-Nail*, Op. at pg. 6, FN 13.

In *Guthrie-Nail* the indictment charged the defendant with conspiracy to commit capital murder by causing the death of the victim with a firearm. The defendant entered a plea of guilty and judicially confessed to the offense as charged in the indictment. At the plea hearing, however, the judge never referred to the deadly weapon and the plea papers did not make any mention of the weapon. The written judgment of the trial court said "N/A" in the space provided for findings on a deadly weapon. More than two months later, the trial court entered a judgment nunc pro tunc changing "N/A" to "Yes, a firearm". *Guthrie-Nail* op. at pg. 4. The Court noted that a trial court is free to decline to find the use of a deadly weapon and, because the record did not establish "that a deadly-weapon finding was made at or before the time the written judgment was signed" the case was remanded for a hearing on the nunc pro tunc. *Guthrie-Nail* op. at pg. 8.

*Guthrie-Nail* is clearly distinguishable from both *Huskins* and the present case. In this case findings of the use of a deadly weapon before the time of the written judgment are all over the record from the initial plea resulting in the deferred adjudication to the order placing the Appellant on deferred adjudication, and in the hearing on the motion to adjudicate the trial court again referred to the deadly weapon

19

allegations in the indictment and to its finding of the use and exhibition of a deadly weapon and its effect. The Appellant plead guilty to the offense charged which included a necessary element of the use of a deadly weapon, judicially confessed to the use of such a weapon as alleged. The Appellant confirmed to the court that he was fully aware of the deadly weapon allegations when he entered his plea of guilty to the offense and when he pled true to the allegations in the motion to adjudicate. In fact, the only time the trial court did not specifically mention the deadly weapon was when it found the Appellant guilty of aggravated robbery and assessed punishment and, as provided in *Huskins* and reaffirmed by the Court of Criminal Appeals in *Guthrie-Nail*, there was no requirement that the oral pronouncement include that finding. Further, the notation that the court had found the use of a deadly weapon, a firearm, appeared in both the order placing the Appellant on deferred adjudication and the subsequent Judgment Adjudicating Guilt. There was no question as to the propriety of a nunc pro tunc order as in *Guthrie-Nail* where, it must be remembered, the Court only remanded the case to the trial court for a nunc pro tunc hearing.

The trial court properly included in its judgment the finding that the Appellant had used a deadly weapon, a firearm in the commission of the offense as such a finding was clearly made by the court at every stage of the proceedings and that finding was properly included even though it was not in the oral pronouncement of sentence.

## Third Issue on Appeal

Did the trial court err in assessing court costs in accordance with the Official Bill of Cost of the Bell County District Clerk?

### Standard of Review

Court costs are pre-determined, legislatively mandated obligations resulting from conviction. When the imposition of court costs is challenged on appeal it is reviewed to determine if there is a basis for the costs, not to determine if sufficient evidence to prove each cost was offered at trial. *Johnson v. State,* 423 S.W.3d 385, 389, 390 (Tx. Cr. App. 2014); *Ireland v. State*, No. 03-14-00615-CR, 2015 Tex. App. LEXIS 8404 (Tx. App. Austin 3rd Dist. 2015 no pet.), not designated for publication.

***Application and Analysis***

In the Judgement Adjudicating Guilt the trial court assessed court cost in the amount of $577.00. (CR-60). This amount was that set out in the Official Bill of Costs (CR-64). The Appellant complains about $279.00 included in that total, either because he believes there to have been no statutory authority for the assessment, or because he believes that he is being doubly charged because the same item or category appeared in the bill of costs filed after he was placed on deferred adjudication but prior to the adjudication of guilt, apparently assuming that those included earlier actually had been paid.

Those court costs that were included in the bill of costs at the time he was placed on deferred adjudication and in the bill of costs at the time of the judgment adjudicating guilt which he claims that, although statutorily authorized, constitute double assessments are as follows:

| | |
|---|---|
| District Clerk Fee | $40.00 |
| Sheriff Fee | $25.00 |
| Clerk Court Technology Fee | $ 4.00 |
| Courthouse Security Fee | $ 5.00 |
| District Clerk Record Preservation Fee | $ 2.50 |
| Records Management Fee | $ 22.50 |

| | |
|---|---|
| Jury Service Fee | $  4.00 |
| Judiciary Support Fee | $  6.00 |
| Consolidated Court Cost | $133.00 |
| Basic Criminal Legal Services Fee | $   2.00 |

In each of these costs and fees the Appellant concedes that they are authorized by statute and complains only that they were included in both of the bills of cost filed at various stages of this case.

As to two items of cost, however, the Appellant contends that they are not authorized by statute; as well as being double assessments. They are:

| | |
|---|---|
| Sheriff Fee | $ 25.00 |
| State Electronic Filing Fee | $   5.00 |

As to the allegations that the Sheriff's Fee and State Electronic Filing Fee are not authorized by statute, the Sheriff's Fee is indeed authorized by Article 102.011 of the *Texas Code of Criminal Procedure*. The Appellant claims, nevertheless, that the fee is not authorized because it is not itemized to specify the services set out in the article.

This, however, is a challenge to the sufficiency of the evidence, which is not the question on an appeal where court costs are challenged.

As to the State Electronic Filing Fee, counsel for Appellant states that he is unable to find a statutory basis for that fee. That same contention was raised in *Ireland*, supra. This Court pointed out, however, that Section 51.851 of the *Texas Government Code,* entitled "Electronic Filing Fee" provides for the payment of $5.00 as court cost on conviction of any criminal offense, to be deposited with the State Comptroller in the electronic filing system fund. *Ireland*, op. at pgs. 4-5.

At the time that the Appellant was placed on deferred adjudication the trial court ordered that he pay court costs and fees in the amount of $251.00 (CR-32). The bill of cost included those items set out above in that total. (CR-34). In the Judgment Adjudicating Guilt the court ordered payment of court costs in the amount of $577.00 (CR-60). The bill of costs at that time included those same categories, however, it also reflected additional costs apparently accrued during the deferred adjudication. It must be noted that on that bill of cost the date when the particular item of cost was added to the bill is noted and that list clearly includes those in the first bill of cost. It also recites that in each case the amount listed is the unpaid balance at the time of the filing of the bill,

which was three days after the judgement. Nothing in the record indicates that the Appellant is being billed for amounts previously paid.

It is respectfully submitted that where, as here, unpaid costs are carried over from a community supervision and included in the judgment of conviction, the only practical procedure is for the judgment to impose the original and any additional court cost and fees. Then the Appellant can certainly show previous payment and receive credit at any time and may also rely upon the records of payment maintained by the court clerk.[3]

All of the items included in the bill of cost and ordered to be paid in the Judgement Adjudicating Guilt are authorized by statute. Merely because those items were also included in an earlier bill at the time of the assessment of deferred adjudication does not, in and of itself, show that they have been previously paid or are duplicitous. It is obvious from the second bill of cost that some additional costs and fees had

---

[3] This was the conclusion of the Tenth Court of Appeals in a very recent case involving an analogous situation regarding the payment of fines. In that case the defendant was assessed a $1,000.00 fine when placed on community supervision. Years later, his probation was revoked and the trial court's judgment of conviction imposed the original $1,000.00 fine even though the motion to revoke alleged a $160.00 arrearage. The Court of Appeals noted that it was not the State's burden to show how much the defendant had or had not paid. The court held that the proper way to avoid having to reform a judgment was to impose the original amount of the fine and to leave the credits, if any, to the payment history maintained by the district clerk. *Hall v. State*, ___S.W.3d____, No. 10-14-00205, 2015 Tex. App. LEXIS 11128 (Tx. App. 10th Dist. Waco 2015).

accrued during the community supervision or as a result of the revocation proceeding. All are listed by the clerk as unpaid. It is not reasonable to delete the order for the payment of items included on the bill of cost simply because the same category of cost was also included on the first bill. Clearly the only practical way is for the court to order payment of the costs as set out in the bill and then to allow the Appellant to rely upon the records of payment in the clerk's office to show any credits for payments he may have made.

## PRAYER

The State of Texas respectfully prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 4079 words.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, John A. Kuchera, Counsel for Appellant, by electronic transfer via Email, addressed to him at johnkuchera@210law.com on this 20th day of November, 2015.

/s/ *Bob D. Odom*
BOB D. ODOM
Assistant District Attorney