

# IN THE
# TENTH COURT OF APPEALS

No. 10-17-00150-CR
No. 10-17-00151-CR

ROBERT TEMPLE SUMMERS, III,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 220th District Court
Bosque County, Texas
Trial Court Nos. CR 14458 and CR 14459

## DISSENTING OPINION

I agree with the Court that there is a distinction between assessing court appointed attorney fees as part of the judgment under which community supervision will be granted and the separate and distinct requirement for the periodic repayment of court appointed attorney fees as part of the terms and conditions of community supervision. If it is the former, the assessment becomes part of what is owed by the defendant for being

placed on community supervision.[1] If the assessment is the latter, the failure to make a periodic payment towards the amount due as part of the terms and conditions of community supervision can be a ground for a motion to revoke community supervision.

But the two are not mutually exclusive provisions. The two can exist in the same proceeding and frequently do. The defendant can be assessed court appointed attorney fees as a condition of being placed on community supervision as an "independent obligation" in the judgment. Additionally, the requirement to make an installment payment toward the obligation to pay court appointed attorney fees can be one of the terms and conditions of community supervision that must be complied with; and for the failure to make the periodic payment, community supervision can be revoked.

As noted, if the requirement to pay court appointed attorney fees is only part of the terms and conditions of community supervision, the failure to pay an installment may result in a motion to revoke. The unpaid balance of the amount, however, cannot be assessed as part of the cost which will appear on a certified bill of cost at the time community supervision is revoked without some evidence of ability to pay. But if the attorney fees are assessed as part of the trial court's decision to put the defendant on community supervision, whether or not the periodic repayment thereof is also part of the

---

[1] In this regard, it is owed by the defendant like restitution. The assessment can be ordered paid in a lump sum or in installment payments. Because it is normally tracked and accounted for by the trial court clerk like statutory cost, many trial courts treat it like statutory court cost, although, technically, it is not; and some courts have treated it more like restitution to the county for what the county paid for the defendant's attorney. But it really does not matter how it is treated, if, in the words of the majority, it is assessed as an "independent obligation" under the judgment granting community supervision.

terms and conditions of community supervision, the defendant owes that amount even if the defendant's community supervision is subsequently revoked, even if it is revoked for the failure to pay the periodic installment, and even if there is no evidence at the time of revocation of the ability to pay. It is an independent obligation.

The 2016 judgment is clear. In 2016, the trial court rendered the judgment that revoked the community supervision-deferred adjudication, determined Summers was guilty, and placed him on community supervision-probation. In connection with the 2016 proceeding, the trial court determined that the defendant was able to pay up to $500 of the fees the County incurred for the defendant's court appointed attorney. As part of its pronouncement of judgment, the trial court assessed the fee to be repaid as $350 in the evading arrest case and $100 in the possession of an illegal weapon case. This is reflected both in the reporter's record of the proceeding and the written judgment.[2] The trial court's finding of the defendant's ability to pay and the assessment thereof was never appealed.

The assessment ($350/$100) appeared on the face of the trial court's judgment. And repayment of the amount was also ordered as one of the terms and conditions of community supervision attached to the judgment. The assessment appears in the 2016 judgment as follows: "(24) Twenty-four months in state jail division, TDCJ probated for

---

[2] I will concede that the reporter's record from the 2016 revocation hearing is less clear than the written judgment. But the written judgment is supported by and is not in conflict with the reporter's record.

five (5) years, with all fees on deferred case forwarded, $350.00 attorney fees, additional 50 hrs. csr." (And the same language in the judgment for possession of a prohibited weapon with the amount being $100). While the amount is not subsequently repeated when the court recites the amount of "Court Costs" of $219, which seems to be the critical factor for the majority, it is important to note that the amount of additional community supervision hours required is also not repeated. Further, the "fine" of $1,000 is not included in the above quoted language but is stated later in the judgment at the place where "Court Costs" are also mentioned. We should construe the entire judgment together and not isolate and rely on one phrase or statement in the judgment and disregard another, and we certainly cannot ignore the reporter's record.

When we look at the entire record, it is clear that the trial court was requiring the defendant to pay $350/$100 to Bosque County as repayment for the amount of attorney fees that Bosque County had paid on behalf of the defendant as part of the 2016 judgment. This obligation to pay $350/$100 was not merely a term and condition of community supervision. It was expressly made part of the judgment granting community supervision-probation. That judgment was not appealed. As such, there is nothing erroneous about the trial court's subsequent inclusion of the assessment of $350/$100 for attorney fees as part of the 2017 judgment that revoked community supervision-probation and ordered the defendant's sentence of confinement to be executed.

As the State has acknowledged, the Bill of Cost does appear to improperly include the amount of $500 as the assessed attorney fees rather than the proper amount of $350. But as the State properly contends, an error in the bill of cost is not corrected by an appeal of an errorless judgment and certainly not by reversing an errorless judgment. Rather, at most, in an appropriate appeal, the correction would be made by ordering that the bill of cost be reformed. *See Hall v. State*; 494 S.W.3d 390 (Tex. App.—Waco, 2015, no pet.).

But it is not the specific amount of the assessment that the defendant is challenging in this appeal; it is the assessment of any amount. The issue as presented in this appeal should be overruled. *See Riles v. State*, 452 S.W.3d 333 (Tex. Crim. App. 2015).

Accordingly, for the reasons stated, I respectfully disagree with my colleagues that the trial court's 2017 judgment is in error for including the 2016 assessment of court appointed attorney fees against the defendant.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed August 1, 2018
Publish

